IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN RACHEL BONACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-207-E |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 30th day of March, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1] *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision

---

[1] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

1

must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   For the most part, Plaintiff is simply asking the Court to reweigh the evidence and find that the Administrative Law Judge ("ALJ") erred in failing to properly consider the medical evidence in formulating her residual functional capacity ("RFC"). However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The Court finds here that substantial evidence does support the ALJ's decision and, therefore, it will affirm.

The Court notes at the outset that there appears to be some confusion as to which ALJ decision is under review and the relevant period covered by that decision. Plaintiff previously filed an application for DIB on September 12, 2014, and the claim was denied on May 16, 2017. (R. 11, 81-94). The ALJ in the present case expressly declined to re-open the prior case, and Plaintiff does not assert otherwise. (R. 11). Accordingly, as Defendant points out, the doctrine of *res judicata* bars reconsideration of the decision denying the prior claim and the period on or before May 16, 2017. *See* 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1); *Hill v. Colvin*, No. CIV.A. 14-922, 2015 WL 5709028, at *1 n.1 (W.D. Pa. Sept. 28, 2015); *Becker v. Colvin*, No. CIV.A. 14-1288, 2015 WL 1326346, at *3 (W.D. Pa. Mar. 25, 2015). While Plaintiff seem to understand this, there is still a good deal of reference to the earlier claim in her brief.

What may be contributing to the confusion is that the record contains the previous ALJ's decision from May 16, 2017 denying Plaintiff's ***prior*** claim for benefits (R. 81-94) in addition to the February 28, 2019 decision denying the ***current*** claim (R. 10-21). It is, of course, the latter – the 2019 decision – that is at issue here. Nonetheless, Plaintiff makes little reference to this decision, instead repeatedly citing to the prior 2017 decision. (Doc. No. 21 at pp.11-14), claiming, for instance, that the ALJ "dismiss[ed] nearly all the remaining medical opinions of record" claiming they were "exaggerated restrictions." (*Id.* at p.12). She then, however, cites only to the 2017 decision, which is not at issue here. She likewise relies to a large degree on evidence from before the earlier ALJ decision. The Court clarifies that it is reviewing the February 28, 2019 decision covering the period from May 17, 2017 through February 28, 2019. Plaintiff's arguments as to what the prior ALJ did or failed to do in 2017 is of no moment.

Despite this confusion, the Court can glean the gist of the arguments Plaintiff is raising. Her primary argument seems to be that the November 7, 2018 medical opinion (R. 675-77) of Katie M. Warren, D.O., her treating neurologist, which was based on a functional capacity evaluation performed by West Park Rehab (R. 667-73), should have been afforded more weight, in part at least based on her status as a treating health care provider. However, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician

rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c). Here, the ALJ discussed Dr. Warren's opinion and the functional capacity evaluation by West Park Rehab and explained the reasons why she found them to be only partial persuasive, contrasting some of the findings – particularly with respect to postural activities, grip strength, and absences – with the medical records and other opinions in this matter. (R. 18-19). This analysis properly complied with the directives of Sections 404.1520c and 416.920c. The Court notes that the ALJ did not disregard this evidence entirely, but rather found parts of it to be unpersuasive.

Indeed, the ALJ did not flatly reject Dr. Warren's opinion; she merely found it to be less persuasive than those of the state reviewing agents, Jan Melcher, Ph.D., and Virginia Dato, M.D. (R. 103-119), and that of consultative examiner Mohammad K, Malik, M.D. (R.466-481). Even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ was justified in giving more weight to the non-examining professional's opinion. *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005). Regardless, although the ALJ considered the opinions of Drs. Melcher, Dato, and Malik and found them to be generally persuasive, she did not adopt them wholesale. Rather, she crafted an RFC that included limitations to reflect Plaintiff's documented conditions, just not to the extent that Dr. Warren had opined. (R. 16). Indeed, the RFC formulated by the ALJ was actually more restrictive than that of either the state reviewing agents or the consultative examiner. Balancing the evidence, including the varying opinions, is precisely what an ALJ is supposed to do. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

Plaintiff further contends that the opinions of Drs. Melcher, Dato, and Malik were issued prior to that of Dr. Warren, so they clearly did not have access to some of the record evidence at the time of their reports. However, the fact that the state reviewing agents' and consultative examiner's opinions were rendered before other evidence became available does not mean the ALJ was prohibited from finding them to be persuasive. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, while there was, in fact, later evidence to which the state reviewing agents and consultative examiner had no access, the ALJ was aware of and considered and discussed this evidence in evaluating the opinions and formulating the RFC. Further, as discussed, the ALJ accounted for this evidence by including more stringent restrictions in the RFC than to which Drs. Melcher, Dato, and Malik had opined.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 20) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 24) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record

---

The other arguments Plaintiff appears to raise fare no better. She asserts that both the ALJ's decision and Dr. Dato's opinion are "internally inconsistent." However, a review of those documents demonstrates no internal inconsistencies. Moreover, Plaintiff relies somewhat heavily on Dr. Warren's opinion that Plaintiff would be absent from work three days per week. (R. 677). First, as discussed above, the ALJ adequately explained her reasons for not adopting Dr. Warren's opinion in its entirety, and she expressly noted Dr. Warren's opinion on absences as part of the opinion she found to be unpersuasive. In any event, the Court notes that it is questionable whether opinions as to how many days of work a claimant will miss, such as the one offered here, truly constitute medical opinions. *See Rush v. Comm'r of Soc. Sec.*, No. CV 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); *Stojic v. Comm'r of Soc. Sec.*, No. 1:14-CV-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").

In making her decision, therefore, the ALJ relied on the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. As discussed, her RFC findings were supported by at least three different medical opinions. All of this constitutes substantial evidence in support of the ALJ's findings. Accordingly, for the reasons set forth herein, the Court affirms.